# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **EDWARD RONNY ARNOLD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-00541** |
| | ) | **Judge Campbell / Frensley** |
| **BURNS PHILLIPS, Commissioner, State of** | ) | |
| **Tennessee Department of Labor and Workforce** | ) | |
| **Development,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction, Background, and Allegations of Plaintiff's Complaint

This matter is before the Court upon Defendant's Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6).  Docket No. 15.  Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law.  Docket No. 16.

Plaintiff has filed a Response to Defendant's Motion and a separate Response to Defendant's supporting Memorandum of Law.  Docket Nos. 19, 20.

Plaintiff, pro se, filed the instant action alleging that Defendant failed to comply with the Federal Records Act, 44 U.S.C. § 3301(1)(2).  Docket No. 1.  Plaintiff alleges, in the entirety, as follows:

> Appeal No. M2017-01103-COA-R3-CV On Appeal from
> Chancery Court for Davidson County Case No. 16-1174-IV
> Russell T. Perkins Chancellor.
>
> Tennessee Supreme Court APPLICATION FOR PERMISSION
> TO APPEAL denied May 16, 2018.

The failure of the State of Tennessee Department of Labor and Workforce Development's compliance with the Federal Records Act, 44 U.S.C. § 3301(1)(2), to classify and include records from the State of Tennessee Department of Labor and Workforce Development on-line systems JOBS4TN.GOV and AT.newappeal@tn.gov, in the case of Edward Ronny Arnold v. Burns Phillips, Commissioner of the State of Tennessee Department of Labor and Workforce Development, Case No. 16-1174-IV, prejudiced the Tennessee state courts of the Chancery Court for the State of Tennessee Twentieth Judicial District, Davidson County, Part IV; State of Tennessee court of Appeals of Tennessee at Nashville; and the Tennessee Supreme Court, in that inaccurate and incomplete information was presented to the sate courts to deny unemployment benefits to the Plaintiff for the period of October 26, 2015 to November 25, 2015.

*Id.*

Plaintiff's Complaint does not state the capacity in which he sues Defendant. *Id.*

Plaintiff is therefore deemed to sue Defendant solely in his official capacity. *Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1989).

Plaintiff seeks the following relief:

Plaintiff is owed unemployment benefits for the period of October 26, 2015 to November 24, 2015, Electronic records for the Plaintiff's claim, JOBS4TN.GOV, differ from the Plaintiff's bank records of deposits, TN UI PAYMENTS, indicating a minimum of two weeks unemployment benefits unpaid.

The Court should order Burns Phillips, Commissioner of the State of Tennessee Department of Labor and Workforce Development, to comply with 44 U.S.C. § 3301(1)(2) to classify and include records from the State of Tennessee Department of Labor and Workforce Development on-line systems JOBS4TN.GOV and AT.newappeal@tn.gov as specified in Tenn. Code Ann. § 47-10-113.

The Court should order a review of the system based on errors reported by the Plaintiff during the appeal process for benefits denied for the period of October 26, 2015 to November 24, 2015.

2

It is estimated that 100,000 Tennessee residents are required monthly to use the online systems and the Defendant, Burns Phillips, Commissioner of the State of Tennessee Department of Labor and Workforce Development, through his representative, the State of Tennessee Office of the Attorney General, has not indicated a willingness to investigate reported errors. These errors include the inability to process appeal docket No. 2016008726-AT and the inability to process a document request to the separating employer, the State of Tennessee Department of General Services, for documentation related to Federal Law 100-379 and Tenn. Code Ann. § 50-1-610.

The Court may impose fines on the State of Tennessee for knowingly not complying with 44 U.S.C. § 3301(1)(2) to classify and include records from the State of Tennessee Department of Labor and Workforce Development on-line systems JOBS4TN.GOV and AT.newappeal@tn.gov.

Docket No. 1.

Defendant filed the instant Motion and supporting Memorandum arguing that Plaintiff's Complaint should be dismissed because: (1) Plaintiff does not identify the capacity in which he sues the Commissioner; (2) service was improper as Plaintiff served an incorrect address; (3) Plaintiff attempts to re-litigate matters finally decided by state-court judgments and is barred by the *Rooker-Feldman* doctrine which deprives the Court of subject matter jurisdiction; (4) Plaintiff has already received the maximum permitted unemployment benefits for the challenged period and cannot receive his requested relief of benefits; (5) Plaintiff identifies no injury-in-fact concerning his Federal Records Act claims and therefore lacks standing; (6) Plaintiff's requested relief is monetary unemployment benefits which therefore seeks to reach the State's treasury which is barred under Eleventh Amendment immunity; (7) the Federal Records Act does not confer a private right of action and therefore Plaintiff has no right to sue under the Act; and (8) the Federal Records Act applies only to federal officials, not State

3

officials.  Docket Nos. 15, 16.

Plaintiff, in his Responses to Defendant's Motion and supporting Memorandum of Law, argues:

> Jurisdiction in this Court over the Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 is provided by [*sic*] 28 U.S.C. §§ 1331 and 1343(3).  The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure.

> The document(s) submitted have no relevance in this case on the basis that the record demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

> Electronic filing (CM/ECT) [*sic*] Fed. Rule 5.4.9 SERVICE OF DOCUMENTS BY ELECTRONIC MEANS requires both parties to consent to electronic filing.  This consent is in written format and provides evidence to the court both parties have equal access to the courts.

> Any and all documents submitted to the United States District Court for the Middle District of Tennessee by electronic filing or any and all documents submitted to the Court Clerk in the United States District Court for the Middle District of Tennessee by electronic filing without written consent of both parties are invalid.

Docket Nos. 19, 20, pp. 2-3 (capitalization original).[1]

By way of background, Plaintiff was an employee of the State of Tennessee, who, on October 26, 2015 was notified that his position was being eliminated as a reduction-in-force and that his employment would be separated on November 25, 2015.  *See* Docket No. 16-1, Tennessee Court of Appeals Ruling in *Arnold v. Phillips*, No. M2017-01103-COA-R3-CV.

---

[1] Although Plaintiff has filed two separate Responses to Defendant's Motion and supporting Memorandum of Law, the content of Plaintiff's Responses are identical.  *Compare* Docket No. 19 *with* Docket No. 20.

4

Plaintiff was then placed on administrative leave with pay until November 25, 2015. *Id.* Plaintiff submitted a claim for unemployment benefits with the State, which was denied in the administrative proceedings. *Id.* The denial was affirmed upon appeal to the Commissioner's Designee, and again on judicial review to the Davidson County Chancery Court. *Id.* On appeal to the Tennessee Court of Appeals, Plaintiff's claim was declared moot because he had already received the maximum benefit allowable under Tennessee's Employment Security Law for the one-year period that included the challenged period of October 25, 2015 to November 24, 2015. *Id.* Plaintiff sought discretionary review in the Tennessee Supreme Court, which was denied. Docket No. 16-2.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 15) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II. Law and Analysis

### A. Motions to Dismiss - Fed. R. Civ. P. 12(b)(1), (2), (6)

Defendant asserts Fed. R. Civ. P. 12(b)(1), (2), and 12(6) as grounds for the instant Motion to Dismiss. Docket No. 15. Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction, while Fed. R. Civ. P. 12(b)(2) provides that a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The Court will focus on the Rule 12(b)(6) Motion.[2]

_____

[2] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie*, 452 U.S. 394, 399 n. 3 (1981); *Pratt v. Ventas, Inc.*, 365 F. 3d 514, 522 (6th Cir. 2004). It is therefore unnecessary for the Court to

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The Court will construe the complaint in the light most favorable to the nonmoving party, accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

---

discuss Defendants' arguments under Rule 12(b)(1).

6

> Two working principles underlie our decision in *Twombly*. First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-technical,
> code-pleading regime of a prior era, but it does not unlock the
> doors of discovery for plaintiff armed with nothing more than
> conclusions. Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss . . . . Determining whether a
> complaint states a plausible claim for relief will, as the Court of
> Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. . . . But where the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged - but it has not "show[n]" - "that the pleader
> is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B. Standing

A party seeking to invoke a federal court's jurisdiction must establish standing to sue

before the court may consider the merits of the case. *See Whitmore v. Arksansas*, 495 U.S. 149,

154 (1990). The Supreme Court has set forth three elements for a plaintiff to establish standing:

(1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection

between the injury and the challenged conduct; and (3) it must be likely that a favorable decision

will remedy the injury. *Id.* Plaintiff bears the burden of establishing all three elements. *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

In order to establish an "injury in fact," a plaintiff must show that he or she "has sustained

or is in danger of sustaining some direct injury" as the result of the challenged official conduct

and such "injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted).

7

The injury, therefore, must be one that "affect[s] the plaintiff in a personal and individual way."

*Lujan*, 504 U.S. at 560.  A generalized grievance challenging allegedly illegal government

conduct is not sufficient to establish standing.  *United States v. Hays*, 515 U.S. 737, 743 (1995).

## C.  The Rooker-Feldman Doctrine

As a threshold matter, this Court lacks subject matter jurisdiction to overturn a state court

decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman*

doctrine, which essentially states that, because appellate review of state judgments is vested in

the Supreme Court, it follows that such review cannot be done by lower federal courts.)

The Supreme Court has clarified the applicability of the *Rooker-Feldman* doctrine,

stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind
> from which the doctrine acquired its name: cases brought by state
> court losers complaining of injuries caused by state-court
> judgments rendered before the district court proceedings
> commenced and inviting district court review and rejection of
> those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

The *Rooker-Feldman* Doctrine further applies to interlocutory orders and to orders of

lower state courts.  *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462-63 (6th Cir.

2003).

Disposition of the federal action, once the state court adjudication is complete, is

governed by preclusion law.  *Id.* at 293.  This is true regardless of whether the party challenges

the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F. 3d

8

364, 369 (6th Cir. 2008).

The Sixth Circuit has discussed the kind of injuries the doctrine precludes from review, stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006).  *See also, Lawrence,* 531 F. 3d at 368.

Where the source of the injury is both a state court decision and third party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is "inextricably intertwined" with the state court decision; if it is, then the *Rooker-Feldman* applies.  *McCormick*, 451 F.3d at 395.  An injury is "inextricably intertwined" with the state court decision when "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002).

**D.  Eleventh Amendment Immunity**

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has construed the Eleventh Amendment and/or the related concept of sovereign immunity to also bar actions by citizens alleging violations of federal law against their

9

own states in federal or state court. *See Alden v. Maine,* 527 U.S. 706 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 131 U.S. 1 (1890). The Supreme Court has also held that sovereign immunity bars citizen suits against states in federal court for violations of state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the States is a concept "inherent" in the Constitution and that it is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

There are two main exceptions to sovereign immunity. First, Congress can abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 101 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100. Federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so, or there are "such overwhelming implications from the text [of a statute] as [to] leave room no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also, Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

**E. The Case at Bar**

Preliminarily, the Court must have jurisdiction over this matter in order to consider Plaintiff's claims. For the reasons discussed below, this Court does not do so.

Plaintiff argues that the State owes him unemployment benefits from October 26, 2015 to November 24, 2015. Docket No. 1. This is the same contention made by Plaintiff in his State court proceedings. *Id.* The State court determined that Plaintiff's claim was moot because he had already received the maximum allowable employment benefits. Docket No. 16-1. Plaintiff

10

argues that the State court decision was erroneous because the State failed to "classify and include records from the State of Tennessee Department of Labor and Workforce Development on-line systems JOBS4TN.GOV and AT.newappeal@tn.gov" and that this failed inclusion compromised his case because inaccurate and incomplete information was presented to the State courts to deny him his sought-after unemployment benefits. Docket No. 1. Because Plaintiff's asserted federal claim could "succeed only to the extent that the State court wrongly decided the issues before it," Plaintiff's asserted injury is "inextricably intertwined" with the State court decision and Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

Moreover, Plaintiff must establish standing to sue before the Court may consider the merits of the case. *Whitmore*, 495 U.S. at 154. Plaintiff has failed to do so. Because Plaintiff has already received the maximum allowable employment benefits for the contested period, Plaintiff cannot receive the relief he requests; accordingly, Plaintiff's alleged injury is not redressable and he lacks standing to pursue these claims.

With regard to Plaintiff's averred Federal Records Act claims, as discussed above, Plaintiff's claims regarding the period from October 26, 2015 to November 24, 2015 are not redressable and Plaintiff has not averred that he has been harmed in a different, redressable way by Defendant's alleged failure to comply with the Act. Because Plaintiff has failed to allege, much less demonstrate, an injury in fact with regard to the Act, Plaintiff lacks standing to bring these claims.

### III. Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks jurisdiction over Plaintiff's claims. Accordingly, the undersigned recommends that Defendant's Motion to

Dismiss (Docket No. 15) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

12