# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| EDWARD RONNY ARNOLD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-00541 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| BRUNS PHILLIPS, Commissioner, | ) | |
| State of Tennessee Department of Labor | ) | |
| and Workforce Development, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 27), recommending the Court grant Defendant's Motion to Dismiss (Doc. No. 15).

Through his Complaint, Plaintiff alleges Defendant's failure to comply with the Federal Records Act, 44 U.S.C. § 3301 by properly posting Plaintiff's employment records online resulted in denial of Plaintiff's unemployment benefits. In the Report, the Magistrate Judge determined Plaintiff lacked standing to sue because he has failed to allege injury-in-fact, and that Plaintiff's claim is barred by the *Rooker-Feldman* Doctrine. Plaintiff has filed Written Objections (Doc. No. 28) to the Report and Recommendation.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.*

(quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's objections do not address specific conclusions reached by the Magistrate Judge. Instead, Plaintiff challenges the Court Clerk's denial of Plaintiff's request for entry of default on April 1, 2019. (Doc. No. 22). The Clerk denied Plaintiff's request for entry of default because Plaintiff failed to submit an affidavit attesting to compliance with the Servicemembers Civil Relief Act and stating that Defendant is not an infant or incompetent person. (*Id.*) The Clerk also explained there were questions as to whether Defendant had been properly served, and noted that Defendant had made a special appearance evidencing his intent to defend. (*Id.*) Plaintiff appealed the Clerk's ruling to the Sixth Circuit, but the Sixth Circuit dismissed the appeal because the Clerk's order was not appealable. (Doc. No. 26).

Plaintiff's "objections" fail to state viable grounds to challenge the conclusions of the Magistrate Judge, or otherwise provide a basis to reject or modify the Report and Recommendation. Nor has Plaintiff stated viable grounds for reversal of the Clerk's decision denying entry of default. Having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's Motion to Dismiss (Doc. No. 15) is **GRANTED**, and this action is **DISMISSED** with prejudice.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE